UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4450 PSG (SSx) | Date | July 15, 2016 |
|---|---|---|---|
| Title | Alvin Perkins v. JPMorgan Chase Bank, N.A., *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order REMANDING Case

On June 20, 2016, Defendant JPMorgan Chase Bank, N.A. ("Chase") filed a notice of removal of a civil action brought by Plaintiff Alvin Perkins for a violation of California Civil Code § 2923.5, for declaratory relief, and to quiet title. *See* Dkt. #1 ("NOR"). After reviewing Chase's notice of removal and the underlying complaint, the Court finds that it lacks subject matter jurisdiction over the case and *sua sponte* REMANDS the case to state court for further proceedings. *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) ("The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction.").

I.   Background

In November 2005, Plaintiff, a citizen of California, financed his residence (the "Property") with a loan obtained from Chase. *NOR*, Ex. A ("Compl.") ¶¶ 1, 3. Plaintiff executed a promissory note and a deed of trust as security for the note. *Id.* ¶¶ 3, 6. Defendant MTC Financial Inc. ("MTC") is the current trustee of the deed of trust. *Id.* ¶¶ 2, 5. Chase concedes that MTC "is a citizen of California." *NOR* ¶ 8.

Plaintiff alleges that Chase and MTC improperly initiated foreclosure proceedings and thus violated California law by failing to satisfy the due diligence requirement to notify Plaintiff of their intent to foreclose. *Compl.* ¶¶ 7–13. Plaintiff further alleges that, as a result, Plaintiff was denied the opportunity to explore opportunities to avoid foreclosure. *Id.* ¶ 14. At the time Plaintiff filed the complaint on May 19, 2016, sale of the Property was scheduled to take place on June 1, 2016. *Id.* ¶ 10. Plaintiff seeks damages from Chase and MTC, as well as an order quieting title. *Id.* ¶ 7. On June 20, 2016, Chase removed the case to this Court on the basis of diversity jurisdiction. *NOR* 1–2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4450 PSG (SSx) | | Date | July 15, 2016 |
|---|---|---|---|---|
| Title | Alvin Perkins v. JPMorgan Chase Bank, N.A., *et al.* | | | |

II.     Legal Standard

A state-court defendant may remove a case to federal court if the case falls within the federal court's original jurisdiction. *See* 28 U.S.C. § 1441(a). Because "[f]ederal courts are courts of limited jurisdiction . . . a federal court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction." *Lawson v. Wolfe*, No. 3:13-CV-2248-GPC-DHB, 2013 WL 5418089, at *1 (S.D. Cal. Sept. 26, 2013). If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, the Court must remand the case to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991); *Levy v. BC Life & Health Ins. Co.*, No. CV 09-01862 DDP MANX, 2009 WL 1515254, at *1 (C.D. Cal. June 1, 2009) ("Unless a district court has subject matter jurisdiction, it is without power to hear a suit, and a federal court may dismiss *sua sponte* if jurisdiction is lacking."). Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on diversity of citizenship between parties, *see* 28 U.S.C. § 1332. Jurisdiction on the basis of diversity exists when there is complete diversity between plaintiffs and defendants, such that "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). A removing defendant "always has the burden of establishing that removal is proper." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

III.    Discussion

Chase argues that this Court has subject matter jurisdiction on the basis of diversity of citizenship between parties. *NOR* ¶ 4. Essential to its argument is the assertion that MTC's citizenship "should be ignored for purposes of determining whether diversity of citizenship exists amongst the parties." *Id.* ¶ 10. Specifically, Chase contends that MTC is a nominal defendant. *Id.* If true, this would render MTC's citizenship irrelevant to the diversity analysis because the citizenship of "nominal parties with nothing at stake may be disregarded" in determining whether complete diversity exists. *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002).

"The paradigmatic nominal defendant is 'a trustee, agent, or depository . . . [who is] joined purely as a means of facilitating collection.'" *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (internal citation omitted). However, a trustee is not a nominal party "where the complaint contains substantive allegations against the trustee or seeks to recover money damages from the trustee." *Jenkins v. Bank of Am., N.A.*, No. CV 14-04545 MMM JCX, 2015 WL 331114, at *10 (C.D. Cal. Jan. 26, 2015) (internal quotation and citation omitted); *accord Raissian v. Quality Loan Serv. Corp.*, No. CV 14-07969 BRO AGRX, 2014 WL 6606802, at *4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4450 PSG (SSx) | Date | July 15, 2016 |
|---|---|---|---|
| Title | Alvin Perkins v. JPMorgan Chase Bank, N.A., *et al.* | | |

(C.D. Cal. Nov. 19, 2014) (holding that a trustee alleged to have violated California Civil Code § 2923.55 was not a nominal party).

Chase claims that MTC, a trustee, "is not related to this dispute or the foreclosure process in any way, except as mere agent with no substantive allegations against it." *NOR* ¶ 8. Yet, Plaintiff brings multiple causes of action against, and seeks damages from, "all Defendants." *See Compl.*[1] Because Plaintiff has made substantive allegations against all Defendants, including MTC, the Court finds that MTC is not a nominal party. *See Nance v. Cal-Western Reconveyance Corp.*, No. LA CV14-07950 JAK PLAX, 2015 WL 452747, at *3–4 (C.D. Cal. Jan. 29, 2015); *Jenkins*, 2015 WL 331114, at *10–11; *Daniels v. Wells Fargo Bank, N.A.*, No. CV 12-5289 PSG FMOX, 2012 WL 10649202, at *5 (C.D. Cal. Sept. 11, 2012); *Osorio v. Wells Fargo Bank, N.A.*, No. C 12-02645 RS, 2012 WL 2054997, at *2 n.2 (N.D. Cal. June 5, 2012); *Latino v. Wells Fargo Bank, N.A.*, No. 2:11-CV-02037-MCE-DAD, 2011 WL 4928880, at *3 (E.D. Cal. Oct. 17, 2011); *Silva v. Wells Fargo Bank, N.A.*, No. CV 11-3200 GAF JCGX, 2011 WL 2437514, at *5 (C.D. Cal. June 16, 2011); *Carrillo v. ETS Servs., LLC*, CV 10-09895 DMG s26 JCX, 2011 WL 12873783, at *1–2 (C.D. Cal. Jan 28, 2011); *see also Thompson v. JPMorgan Chase Bank, N.A.*, No. CV 15-cv-04885-BLF, 2016 WL 2619695 (N.D. Cal. May 9, 2016) (holding that a defendant trustee was not a nominal party for purposes of removal); *Monet v. JPMorgan Chase Bank, N.A.*, No. 16-CV-00372-LHK, 2016 WL 945980 (N.D. Cal. Mar. 14, 2016) (same); *Beiermann v. JPMorgan Chase Bank, N.A.*, No. 3:11–cv–05952 RBL, 2012 WL 1377094 (W.D. Wash. Apr. 19, 2012) (same).

Additionally, Chase contends that, as the removing Defendant, it is not required to obtain consent for removal from MTC because MTC "has not appeared on the state court docket and there is no indication of service" on MTC. *NOR* ¶ 10. Yet, Chase states in the same document that MTC "was served with the Summons and Complaint on May 23, 2016." *Id.* ¶ 3. These contradictory statements fail to establish Chase's allegation that MTC is a nominal party because it was not served.

In sum, the Court finds that MTC is not a nominal party at this time. As a result, MTC's citizenship is relevant to the diversity analysis. Because Plaintiff and MTC are citizens of California, complete diversity does not exist and Chase has failed to satisfy its "burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566.

---

[1] For example, in his first cause of action, Plaintiff alleges that "all Defendants" violated California Civil Code § 2923.5. *Compl.* 1. A very similar allegation was deemed substantive in *Raissian*. 2014 WL 6606802, at *4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4450 PSG (SSx) | Date | July 15, 2016 |
|---|---|---|---|
| Title | Alvin Perkins v. JPMorgan Chase Bank, N.A., *et al.* | | |

IV. <u>Conclusion</u>

     The Court therefore concludes that it lacks subject matter jurisdiction and *sua sponte* REMANDS the case to state court.

     **IT IS SO ORDERED.**